UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
EDISON J. SALAZAR TACURI,                                           :
                                                                    :
                            Plaintiff,                                    :
                                                                    :
          -against-                                               :
                                                                    :   **COMPLAINT**
PITTI BROS. MASONRY, INC. d/b/a PITTI                               :
BROTHERS MASONS, DANIEL PITTI, and                                  :
JOSEPH PITTI,                                                       :
                                                                    :
                            Defendants.                                   :
------------------------------------------------------------------- X

        Plaintiff Edison J. Salazar Tacuri ("Plaintiff" or "Salazar"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Pitti Bros. Masonry, Inc. d/b/a Pitti Brothers Masons ("Pitti Brothers"), Daniel Pitti and Joseph Pitti (collectively, with Pitti Brothers, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

        1.    Salazar worked as a brick and cement layer at Pitti Brothers from approximately 2004 until August 24, 2020.  Salazar regularly worked up to sixty-three hours per week, but did not receive overtime compensation for the hours he worked in excess of forty per workweek.  At points during Salazar's employment, his regular hourly wage rate fell below the statutory minimum wage rate established by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 190, *et seq.* ("NYLL").  Defendants also failed to pay Salazar spread-of-hours pay when he worked shifts in excess of ten hours, and failed to provide accurate wage statements with each payment of wages, as required by the NYLL's Wage Theft Prevention Act ("WTPA").

2. Salazar brings this action to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgement interest, and attorneys' fees and costs pursuant to the FLSA, NYLL and WTPA.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Pitti Brothers is located and operated by Defendants in the Eastern District of New York and the acts and omissions giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Edison J. Salazar Tacuri**

5. Salazar resides in Queens, New York.

6. Salazar worked for Defendants from 2004 until August 24, 2020.

**Defendant Pitti Bros. Masonry, Inc. d/b/a Pitti Brothers Masons**

7. Defendant Pitti Bros. Masonry, Inc. is a New York corporation that owns, operates, and does business as Pitti Brothers Masons.

8. Pitti Brothers' principal office is located at 115 Bette Road, East Meadow, New York 11554.

9. Pitti Brothers provides residential and commercial masonry services throughout Long Island, including brick and concrete work, maintenance, and repairs.

10. Pitti Brothers is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Pitti Brothers has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Pitti Brothers has had an annual gross volume of sales in excess of $500,000.

**Defendant Daniel Pitti**

13. Defendant Daniel Pitti is an owner of Pitti Brothers.

14. Daniel Pitti is identified as the Chief Executive Officer of Pitti Brothers on New York State Division of Corporations corporate entity filings.

15. Throughout Salazar's employment, Daniel Pitti oversaw the day-to-day operations of Pitti Brothers and was regularly present at worksites.

16. Throughout Salazar's employment, Daniel Pitti supervised the work performed by employees, including Salazar.

17. Throughout Salazar's employment, Daniel Pitti had the authority to hire and fire employees.  For example, Daniel Pitti hired Salazar.

18. Throughout Salazar's employment, Daniel Pitti set employee wage rates and distributed employee wages.  Daniel Pitti set Salazar's wage rate and distributed wages to Salazar weekly.

19. Throughout Salazar's employment, Daniel Pitti determined the schedules and set the work duties of Salazar and other employees.

20. Daniel Pitti exercised sufficient control over Pitti Brother's operations and Plaintiff's employment to be considered Salazar's employer under the FLSA and the NYLL.

**Defendant Joseph Pitti**

21. Defendant Joseph Pitti is an owner of Pitti Brothers.

22. Joseph Pitti is identified as the Department of State Process Agent for Pitti Brothers on the New York State Division of Corporations corporate entity filing.

23. Joseph Pitti held authority to supervise the work performed by employees, including Salazar, and visited work sites approximately once per month to supervise work.

24. Joseph Pitti held authority to hire and fire employees, including Salazar.

25. Joseph Pitti held authority to set employee wages and distribute wages. Joseph Pitti distributed wages to Salazar when Daniel Pitti was not present.

26. Joseph Pitti exercised sufficient control over Pitti Brother's operations and Plaintiff's employment to be considered Salazar's employer under the FLSA and the NYLL.

## STATEMENT OF FACTS

27. Salazar worked as a brick and cement layer for Pitti Brothers.

28. Throughout his employment, Salazar regularly worked from 7:00 a.m. to between 4:30 p.m. and 5:30 p.m., six days per week, totaling approximately fifty-seven to sixty-three hours per workweek.

29. Throughout his employment, Salazar's work was seasonal, running from approximately March 24 through December 15 each year.

30. Throughout his employment, Defendants paid Salazar a weekly salary of $400.

31. Defendants did not pay Salazar at a rate of one and one-half (1.5) times his regular rate of pay for the hours he worked in excess of forty per workweek.

32. Defendants did not compensate Salazar with one hour of pay at the statutory minimum hourly wage rate on each day that he worked a shift in excess of ten hours.

33. Defendants paid Salazar's weekly salary on personal checks, without an accurate corresponding wage statement reflecting, *inter alia*, his rate of pay and all hours worked in the corresponding workweek.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages)

34. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

35. The FLSA requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

36. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

37. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.* and the supporting federal regulations, apply to Defendants.

38. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the FLSA.

39. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the required minimum wage rate for hours worked up to forty per workweek.

40. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Minimum Wages)

41. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

42. Defendants are employers within the meaning of the NYLL §§ 190 *et seq.*, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") regulations, including but not limited to 12 N.Y.C.R.R. Part 142.

43. Defendants failed to pay Plaintiff the minimum hourly wages to which he was entitled under the NYLL.

44. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff the minimum hourly wage rate for hours worked up to forty per workweek.

45. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (FLSA– Unpaid Overtime Wages)

46. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. Defendants were required to pay Plaintiff one and one-half (1.5) times his regular hourly wage rate, which shall not be less than the statutory minimum wage rate, for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

48. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

49. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

50. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

51. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one-half (1.5) times his regular hourly wage rate, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

53. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL.

54. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

55. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## FIFTH CLAIM
### (NYLL – Unpaid Spread-of-Hours Pay)

56. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the statutory minimum wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

7

58. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated Section 650 *et seq.*, of the NYLL and the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R § 142-2.4.

59. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SIXTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

60. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

61. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

62. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing him a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

63. As a result of Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover statutory damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL, and supporting regulations;

b. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL regulations;

c. declaring that Defendants violated the wage statement provisions of the NYLL's WTPA;

d. declaring that Defendants' violations of the FLSA and the NYLL were willful;

e. enjoining future violations of the FLSA and NYLL by Defendants;

f. awarding Plaintiff damages for unpaid minimum and overtime wages;

g. awarding Plaintiff unpaid spread-of-hours pay;

h. awarding Plaintiff liquidated damages pursuant to the FLSA and NYLL;

i. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiffs with accurate wage statements pursuant to the NYLL's WTPA;

j. awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 19, 2021

                PECHMAN LAW GROUP PLLC

By:   */s/ Louis Pechman*
      Louis Pechman
      Galen C. Baynes
      Pechman Law Group PLLC
      488 Madison Avenue - 17th Floor
      New York, New York 10022
      (212) 583-9500
      pechman@pechmanlaw.com
      baynes@pechmanlaw.com
      *Attorneys for Plaintiff*